## SAM WATKINS v. STATE.

No. A-6220.   Opinion Filed March 3, 1928.
(264 Pac. 922.)

W. Shearer Brown, for plaintiff in error.

Edwin Dabney, Atty, Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. The plaintiff in error was convicted of forgery in the second degree. In due time he filed a motion for new trial, which was overruled. Thereupon he was sentenced to the penitentiary for a term of six years in accordance with the verdict of the jury. From

the judgment and sentence he has appealed to this court.

The information, in substance, charged that Sam Watkins, alias Charley Dodson, did offer for sale, exchange, and deliver to H. C. House a forged check on the Security National Bank of Muskogee for the sum of $87.50.

The errors assigned question the sufficiency of the evidence to support the verdict, and complain that the punishment imposed is excessive.

The plaintiff in error, unable to give an appeal bond, was delivered into the custody of the warden of the penitentiary at McAlester and the appeal taken as that of a poor person; he is not represented in this court by counsel, but has by letter to the clerk of this court asked that the sentence be modified.

The testimony in the case shows that the forged check was offered in payment for a suit of clothes.

While the plaintiff in error is not represented in this court we have carefully examined the whole record and find it free from substantial error. However, we think that the punishment imposed is excessive.

Our Criminal Procedure Act provides:

"The appellate court may reverse, affirm or modify the judgment appealed from, and may if necessary or proper, order a new trial." Section 2820, C. O. S. 1921.

It seems to have been the intention of the Legislature to vest this court with the power to modify the judgment appealed from by reducing the sentence when such a course would be in furtherance of justice, and conduce to the humane administration of the law. Kilgore v. State, 10 Okla. Cr. 446, 137 P. 364.

Upon the record before us we have concluded to modify the sentence to the extent of reducing it to

imprisonment in the penitentiary for a term of four years, and, thus modified, the judgment will be affirmed.

EDWARDS and DAVENPORT, JJ., concur.